## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **RONNIE PETTWAY** | ) | |
| | ) | |
|    **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:** |
| | ) | |
| **OFFICER FLOYD JAMAL PETTWAY,** | ) | **JURY DEMAND** |
| **IN HIS INDIVIDUAL CAPACITY** | ) | |
| | ) | |
| **8080 Airport Blvd** | ) | |
| **Mobile, AL 366068** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **OFFICER TABITHA LAMAR,** | ) | |
| **IN HER INDIVIDUAL CAPACITY** | ) | |
| | ) | |
| **8080 Airport Blvd** | ) | |
| **Mobile, AL 366068** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **OFFICER RODRICK SHELDTON** | ) | |
| **IN HIS INDIVIDUAL CAPACITY** | ) | |
| | ) | |
| **8080 Airport Blvd** | ) | |
| **Mobile, AL 366068** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **OFFICER LEE PIERCE** | ) | |
| **IN HIS INDIVIDUAL CAPACITY** | ) | |
| | ) | |
| **8080 Airport Blvd** | ) | |
| **Mobile, AL 36608** | ) | |
| | ) | |

1

and )
)
**OFFICER RODNEY GREELEY,** )
**COMMANDER, PRECINCT FOUR** )
**IN HIS INDIVIDUAL AND OFFICIAL** )
**CAPACITY** )
)
**8080 Airport Blvd** )
**Mobile, AL 36608** )
)
and )
)
**LAWRENCE L. BATTISTE, IV,** )
**CHIEF OF POLICE,** )
**IN HIS INDIVIDUAL AND OFFICIAL** )
**CAPACITY** )
)
**2460 Government St** )
**Mobile, AL 36606** )
)
and )
)
**NOAH OLIVER III,** )
**WARDEN MOBILE COUNTY JAIL,** )
**IN HIS INDIVIDUAL AND OFFICIAL** )
**CAPACITY** )
)
**450 St. Emmanuel St.** )
**Mobile, AL 36603** )
)
and )
)
**CITY OF MOBILE,** )
)
**c/o City Clerk** )
**Government Plaza** )
**215 Government St** )
**Mobile, AL 36602** )
)
and )

)
**MAYOR WILLIAM S. STIMPSON,** )
**IN HIS INDIVIDUAL,** )
**REPRESENTATIVE, AND OFFICIAL** )
**CAPACITIES** )
)
**PO Box 1827** )
**Mobile, AL 36633** )
)
**and** )
)
**MOBILE CITY COUNCIL,** )
**IN THEIR INDIVIDUAL,** )
**REPRESENTATIVE, AND OFFICIAL** )
**CAPACITIES** )
)
**205 Government Street** )
**Mobile, AL 36602** )
)
**and** )
)
**SARGENT JOHN C. YOUNG,** )
**CUSTODIAN OF RECORDS, IN HIS** )
**OFFICIAL AND INDIVIDUAL** )
**CAPACITIES** )
)
**2460 Government Street** )
**Mobile, AL 36606** )
)
**and** )
)
**FICTITIOUS DEFENDANTS,** )
**IN THEIR PERSONAL AND/OR** )
**OFFICIAL CAPACITIES** )
)
    **Defendants.** )
_____ )

## COMPLAINT

**COMES NOW** RONNIE PETTWAY, by and through his attorneys James Adam Muns and Christine Hernandez of the Hernandez & Associates Firm, LLC, and hereby complains against Defendants.

### NATURE OF THE CASE

This is a civil action arising from the unlawful arrest and malicious prosecution of Ronnie Pettway, whose arrest on September 23, 2018, and subsequent indictment/prosecution based on fraudulent evidence on September 20, 2019, caused severe and permanent physical, emotional and mental damage. Charges against Plaintiff were dismissed (nolle prossed) on March 17, 2021.

### PARTIES

1.  The Plaintiff, RONNIE JAMES PETTWAY ("Pettway"), is over the age of 19 years and at all times relevant hereto has been and is a resident of Mobile County, Alabama.

2.  The Defendant, OFFICER FLOYD JAMAL PETTWAY is over the age of 19 years and at all times relevant hereto upon information and belief, has been and is a resident of Mobile County, Alabama. At all times relevant to the Complaint, Defendant was a duly sworn and licensed police officer of the City of Mobile Police Department acting under color of law and within the scope of his employment. He is sued in his individual capacity.

4

3. The Defendant, OFFICER TABITHA LAMAR is over the age of 19 years and at all times relevant hereto upon information and belief, has been and is a resident of Mobile County, Alabama. At all times relevant to the Complaint, Defendant was a duly sworn and licensed police officer of the City of Mobile Police Department acting under color of law and within the scope of her employment. She is sued in her individual capacity.

4. The Defendant, OFFICER RODRICK SHELDTON is over the age of 19 years and at all times relevant hereto upon information and belief, has been and is a resident of Mobile County, Alabama. At all times relevant to the Complaint, Defendant was a duly sworn and licensed police officer of the City of Mobile Police Department acting under color of law and within the scope of his employment. He is sued in his individual capacity.

5. The Defendant, OFFICER LEE PIERCE is over the age of 19 years and at all times relevant hereto upon information and belief, has been and is a resident of Mobile County, Alabama. At all times relevant to the Complaint, Defendant was a duly sworn and licensed police officer of the City of Mobile Police Department acting under color of law and within the scope of his employment. He is sued in his individual capacity.

6. The Defendant, OFFICER RODNEY GREELEY, COMMANDER, PRECINCT FOUR is over the age of 19 years and at all times relevant hereto

upon information and belief, has been and is a resident of Mobile County, Alabama. At all times relevant to the Complaint, Defendant was a duly sworn and licensed police officer of the City of Mobile Police Department acting under color of law and within the scope of his employment. He is sued in his official and individual capacity.

7. The Defendants, FICTITIOUS DEFENDANTS are over the age of 19 years and at all times relevant hereto upon information and belief, have been and are resident of Mobile County, Alabama. They are duly sworn and licensed police officers of the City of Mobile Police Department acting under color of law and within the scope of their employment and were present at the time Plaintiff was unlawfully arrested and maliciously prosecuted and had the ability to protect Plaintiff from the deprivation of his rights as set forth in this Complaint but failed to do so. They are sued in their official and/or individual capacities.

8. The Defendant, LAWRENCE L. BATTISTE, IV, CHIEF OF POLICE is over the age of 19 years and at all times relevant hereto upon information and belief, has been and is a resident of Mobile County, Alabama. At all times relevant to the Complaint, Defendant was a duly sworn and licensed police officer of the City of Mobile Police Department and a decision maker acting

under color of law and within the scope of his employment. He is sued in his official and individual capacity.

9.  The Defendant, NOAH OLIVER III is over the age of 19 years and at all times relevant hereto upon information and belief, has been and is a resident of Mobile County, Alabama. At all times relevant to the Complaint, Defendant was the Warden of the Mobile County Metro Jail and was a decision maker acting under color of law and within the scope of his employment. He is sued in his official and individual capacity.

10. The Defendant, CITY OF MOBILE is a municipal corporation with the right to sue and be sued. It is responsible for the policies and procedures of the City of Mobile Police Department and the police officers it employs.

11. Defendant MAYOR WILLIAM S. STIMPSON is a decision maker responsible in part for written and unwritten customs, policies and procedures followed by the Mobile police department and its officers and is being sued in his individual, representative, and official capacity as Mayor of the CITY OF MOBILE, Alabama. He is a person subject to suit under 42 U.S.C. §1983.

12. Defendant MOBILE CITY COUNCIL are decision makers responsible in part for written and unwritten customs, policies and procedures followed by the Mobile police department and its officers and are being sued in their

individual, representative, and official capacities as City Council of the

CITY OF MOBILE, Alabama. They are persons subject to suit under 42

U.S.C. §1983.

## JURISDICTION AND VENUE

13. This Court has jurisdiction to hear the federal civil rights violations in this

matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3)-(4) and

supplemental jurisdiction to hear the common law claims under 28 U.S.C. §

1367.

14. Venue is proper under 28 U.S.C. § 1391 because the acts giving rise to the

lawsuit occurred in Mobile County, Alabama.

## FACTS SUPPORTING CLAIMS

15. On or about September 22, 2018, Plaintiff Ronnie Pettway visited The Edge,

a nightclub in Mobile, AL. It was the first time he had gone out in

approximately two years.

16. Mr. Pettway, a father of three children, struggles with PTSD and depression

which occasionally leads to drinking a little too much during times of stress.

17. In 1997, Mr. Pettway was deployed to Bosnia Kosovo for a peace keeping

mission. During that time, he saw women and children trip land mines and

die horrific deaths. He faced enemy fire on a daily basis. Multiple soldiers in

his unit committed suicide each month.

18. Mr. Pettway returned from war to his high school sweetheart, and they started their family. Using his G.I. Bill, Mr. Pettway graduated from college with a degree in electronics engineering.

19. Ultimately, Mr. Pettway discovered his sweetheart had been cheating on him. After they separated, her boyfriend murdered her and then killed himself leaving Mr. Pettway as the sole living parent of 3 children.

20. Mr. Pettway eventually returned to Mobile. His mother was diagnosed with dementia and Mr. Pettway is her legal guardian.

21. On September 22, 2018, Mr. Pettway needed a break and some companionship. He spent a few hours dancing and temporarily forgetting about the stress that had come to define his life.

22. During the early morning hours of September 23, 2018, Mr. Pettway headed home from his first night out in two years. After driving approximately 1.5 miles, Mr. Pettway realized he had a flat tire. Seeing Spectrum Automotive & Tire Solutions, he pulled into the lot to wait for morning when they would be open. He fell asleep in his car.

23. Mr. Pettway woke up in his car early on the morning of September 23, 2018, tired and disoriented. He immediately looked around for a bathroom.

24. Seeing the Shogun Japanese Steakhouse, Mr. Pettway headed that direction hoping someone would let him use the restroom. When he got to the door,

Mr. Pettway tried to enter, but found it locked. People were inside, but they told him to go away because they were not open yet.

25. Mr. Pettway then circled around to see if the tire shop had opened yet. When he got to the entrance Mr. Pettway found the tire shop closed. He sat down on a large tire out front to wait.

26. Unbeknownst to Plaintiff Mr. Pettway, someone from the Shogun Japanese Steakhouse called the Mobile police department.

27. On or about September 23, 2018, Mobile Police Department responded to a call from Shogun Japanese Steakhouse, reporting what Defendant Officer Jamal Pettway described as a "disorderly conduct or attempted burglary" complaint.

28. Defendants Jamal Pettway and Tabitha Lamar, both officers with the Mobile Police Department arrived at the Spectrum Collision Center first.

29. Defendant Jamal Pettway had been recently demoted from narcotics to patrol due to allegations of inappropriate behavior.

30. Defendant Jamal Pettway jumped out of his vehicle, weapon drawn, yelling and behaving aggressively.

31. At all times relevant hereto, Defendant Tabitha Lamar was with Defendant Jamal Pettway and could have intervened but failed to do so.

10

32.  Defendant Jamal Pettway immediately yelled at Plaintiff Ronnie Pettway to "Get on the ground!"

33.  Plaintiff Ronnie Pettway, startled by the unprovoked aggressive behavior by Defendant Officer Jamal Pettway, looked up and asked why Officer Jamal Pettway was pointing a gun at him.

34.  Without giving Plaintiff Ronnie Pettway a chance to "get on the ground", Defendant Jamal Pettway fired his taser at Plaintiff Ronnie Pettway as he began to get up from the tire on which he was sitting.

35.  Plaintiff Ronnie Pettway fell forward onto his face, cracking his eye socket on the asphalt and causing other severe physical, mental, psychological and emotional injuries.

36.  Apparently recognizing his inappropriate conduct, Defendant Jamal Pettway began to create an alternate, fabricated story, yelling "next time you do what I say and don't come towards me."

37.  At all times relevant hereto, Defendant Tabitha Lamar ratified the actions and conduct of Defendant Jamal Pettway.

38.  As other officers arrived at the scene, including Defendant Rodrick Sheldton, Defendant Jamal Pettway continued to fabricate evidence to justify using his taser on Plaintiff including telling the other Officers, FICTITIOUS

DEFENDANTS, that Plaintiff Mr. Pettway was intoxicated, aggressive, not compliant.

39. Defendant Officer Jamal Pettway claimed Plaintiff Ronnie Pettway "was on something because his eyes were red". However, Plaintiff Ronnie Pettway has a medical condition which causes his eyes to be dry and red normally for which he takes prescribed eye drops.

40. At all times related hereto, Defendants Jamal Pettway and Tabitha Lamar knew Defendant Jamal Pettway's statements were false.

41. At all times related hereto, Fictitious Defendants knew or should have known Defendant Jamal Pettway's assertions that Plaintiff was intoxicated, aggressive or not compliant was false.

42. At all times related hereto, Fictitious Defendants knew or should have known Defendant Jamal Pettway had previously been accused of inappropriate conduct under color of law, including rape.

43. In fact, Defendant Jamal Pettway had just been demoted from narcotics to patrol as a result of inappropriate conduct less than one month prior to the incidents which form the basis of this complaint.

44. Defendant City of Mobile and Officer Rodney Greeley, Commander, Precinct Four have a pattern and practice of allowing their officers to detain people without probable cause and use unreasonable force upon detention.

12

45. Defendant City of Mobile and Officer Rodney Greeley, Commander, Precinct Four, have a pattern and practice of allowing their officers to use unreasonable force against compliant citizens.

46. When officers found Plaintiff Ronnie Pettway outside of Spectrum Collision Center, the officers tased and arrested Mr. Pettway without prompting, and without any investigation, then stated the arrest was for alleged disorderly conduct or attempted burglary.

47. Officers may not arrest an individual for a misdemeanor unless that misdemeanor was committed in their presence; officers may not arrest an individual without a warrant unless the act committed outside of the officer's presence was a felony. Officers in this case had no probable cause to believe a felony had taken place.

48. In the police report signed by Defendant Tabitha Lamar, Defendants accused Plaintiff of admitting to using cocaine and using racially charged language which was false as demonstrated by body camera footage.

49. Defendants knew the allegations in the police report were false when they wrote them.

50. Plaintiff does not use illegal drugs, including cocaine.

51. Pursuant to the illegal arrest, Defendant officers conducted a search and alleged that they found cocaine in Mr. Pettway's wallet. With no other

charges to bring, Defendant officers charged Mr. Pettway with Possession of a Controlled Substance, public intoxication and Failure to Obey Police.

52. Plaintiff is informed and believes Defendant Lee Pierce in cooperation with Defendant Jamal Pettway, Tabitha Lamar and other Fictitious Defendants planted cocaine on the Plaintiff to justify the illegal search and seizure of Plaintiff.

53. At all times relevant hereto, Fictitious Defendants could have stopped and/or prevented the illegal conduct engaged in by the other Defendants but failed or refused to do so.

54. Plaintiff is informed and believes that at all times relevant hereto, Defendant Officers acted in conspiracy to deprive Plaintiff of his civil rights under color of law.

55. As a result of Defendants' contrived evidence and false statements, the Grand Jury indicted Plaintiff on September 20, 2019.

56. Defendant officers, pursuant to a pattern and practice of Defendant City of Mobile and Officer Rodney Greeley, Commander, Precinct Four, left Plaintiff's vehicle and personal property unsecured. Because Plaintiff's car windows were down for multiple days, Plaintiff's personal property was injured and destroyed by rain and the elements.

57. Defendants Jamal Pettway and Tabitha Lamar transported Plaintiff Ronnie Pettway to Providence Hospital in handcuffs, which embarrassed and humiliated him.

58. Defendants Jamal Pettway and Tabitha Lamar sought only superficial care for the Plaintiff, Ronnie Pettway from medical providers at Providence Hospital, despite Plaintiff's serious head wounds.

59. Defendants Jamal Pettway and Tabitha Lamar as well as the other Defendants failed to secure adequate medical care for Plaintiff.

60. Defendants Jamal Pettway and Tabitha Lamar then transported Plaintiff to the Mobile jail on September 23, 2018, where he was incarcerated for three days without adequate medical treatment.

61. While incarcerated, Defendant Noah Oliver III had the opportunity to observe Plaintiff Ronnie Pettway, who had been seriously injured during his arrest.

62. At no time did Defendant Noah Oliver III secure medical attention for the Plaintiff Ronnie Pettway despite his obvious need for medical care.

63. Defendants City of Mobile, Officer Rodney Greeley, Commander of Precinct Four and Lawrence L. Battiste, IV, then Chief Of Police, at all times relevant hereto followed a pattern and practice of depriving people of their civil and constitutional rights.

15

64. Defendant City of Mobile and Defendant Noah Oliver III at all times relevant hereto followed a pattern and practice of denying inmates adequate medical treatment and care.

65. Defendants City of Mobile and Officer Rodney Greeley, Commander, Precinct Four have a pattern and practice of failing to investigate citizen complaints and/or wrongfully asserting a finding of no basis for the complaint when citizens complain of excessive force being used by officers.

66. On or about September 25, 2018, Plaintiff filed a citizen's complaint [#181A-0543] with Sergeant Kent Quinnie of the Mobile Police Department's internal Affairs Unit at 850 St. Anthony Street against Defendant Officers Jamal Pettway and Tabitha Lamar for excessive force and loss of property.

67. Defendant Lieutenant Lee Pierce allegedly investigated the complaint and entered a finding that Defendants Jamal Pettway and Tabitha Lamar properly conducted themselves. This finding was entered pursuant to a pattern and practice by Defendants City of Mobile, Mayor William S. Stimpson, City Council of Mobile, Officer Rodney Greeley, Commander of Precinct Four and Lawrence L. Battiste, IV, then Chief Of Police of ratifying the use of unreasonable force and deprivation of civil and constitutional rights by Mobile police officers.

68. On March 5th, 2020, the Mobile County Circuit Court issued a subpoena to produce all body worn camera footage from the above described incident. Eleven days later, on March 16, 2020, Defendant Sgt. John C. Young, in the scope of his employment and on behalf of Mobile Police Department, responded with denial of the subpoena, claiming that the footage, "…does not exist, has never existed, or no longer exists…" This was done in furtherance of the pattern and practice of deprivation of civil and Constitutional rights by Mobile Police officers.

69. As a result of these patterns and practices as well as the conduct of individual officers, Plaintiff Ronnie Pettway suffered serious physical, psychological, emotional, financial and mental injuries, including, but not limited to continuing grand mal seizures, memory problems, pain, scarring and increased PTSD.

FEDERAL CAUSES OF ACTION

**COUNT 1**
**FOURTH AMENDMENT – UNREASONABLE SEIZURE – ARREST**
**WITHOUT PROBABLE CAUSE**

70. As demonstrated by the facts set forth above, Defendant Officers Jamal Pettway and Tabitha Lamar lacked any basis for using a taser on Plaintiff Ronnie Pettway, who was merely sitting on a large tire outside of a tire store waiting for it to open so that he could get the flat tire on his car fixed.

17

71. While Plaintiff sat waiting for Spectrum Collision Center to open, Defendant Officers Jamal Pettway and Tabitha Lamar pulled into the parking lot of Spectrum Collision Center. Defendant Officer Jamal Pettway jumped out of the police vehicle, gun drawn, screamed at Plaintiff and immediately tased him.

72. As indicated in the facts above, when officers found Plaintiff Ronnie Pettway outside of Spectrum Collision Center, the officers tased and arrested Mr. Pettway without prompting, and without any investigation, then stated the arrest was for alleged disorderly conduct or attempted burglary.

73. Officers may not arrest an individual for a misdemeanor unless that misdemeanor was committed in their presence; officers may not arrest an individual without a warrant unless the act committed outside of the officer's presence was a felony. Officers in this case had no probable cause to believe a felony had taken place.

74. At no point in time did officers have reasonable suspicion or probable cause to stop or arrest Plaintiff Ronnie Pettway for public intoxication or failure to obey police.

75. At no point in time did officers have a legitimate reasonable suspicion or legitimate probable cause for stopping or arresting Plaintiff Ronnie Pettway

for possession of a controlled substance because the evidence was planted on Plaintiff after he was tased as is set forth in the statement of facts herein.

76. The acts of Defendant police officers Jamal Pettway, Tabitha Lamar, Rodrick Sheldton and Fictitious Defendants violated Plaintiff's right to be free from an unreasonable seizure in violation of the Fourth Amendment, enforceable through 42 U.S.C. § 1983.

77. Due to the malicious prosecution of Plaintiff Ronnie Pettway based upon fraudulent evidence and to preserve his Fifth Amendment and other Constitutional rights during the course of said prosecution, Plaintiff was unable to bring this action for said unlawful arrest thus equitably tolling the statute of limitations during the pendency of the wrongful prosecution against him, which case was dismissed on March 17, 2021.

WHEREFORE, the Plaintiff Ronnie Pettway seeks judgment against Defendant police officers Jamal Pettway, Tabitha Lamar, Rodrick Sheldton and Fictitious Defendants, jointly and severally, in an amount in excess of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT II
## FOURTH AMENDMENT – UNREASONABLE SEIZURE – MALICIOUS PROSECUTION

78. As indicated in the statement of facts, Defendant Officer Jamal Pettway tased Plaintiff Ronnie Pettway immediately after exiting his patrol car.

79. Defendant Officer Jamal Pettway then created a false narrative that Plaintiff Ronnie Pettway had acted aggressively, was "on something", and "failed to comply with instructions."

80. Defendant Officer Tabitha Lamar conspired with Defendant Officer Jamal Pettway to use the false narrative as a basis for the excessive force directed toward Plaintiff Ronnie Pettway and even signed the arrest warrant containing the false narrative.

81. Defendant Officer Rodrick Sheldton with the assistance of and/or ratification of the other Defendants then planted a controlled substance on Plaintiff Ronnie Pettway in order to fabricate an additional basis for the malicious prosecution of Plaintiff.

82. Defendant Sgt. John C. Young with the assistance of and/or ratification of the other Defendants refused to comply with a court order to produce body camera footage showing these events in order to support and protect the basis for the malicious prosecution of the Plaintiff.

83. Plaintiff Ronnie Pettway was then charged and indicted as a result of the false evidence and false narratives contrived by the defendant officers and each of them.

84.  As a result of the malicious prosecution of Plaintiff Ronnie Pettway by the Defendants and each of them, Plaintiff's freedom was curtailed and his opportunities were limited during the duration of the prosecution.

85.  Plaintiff Ronnie Pettway was maliciously prosecuted in violation of his Fourth Amendment right to be free of unlawful seizures; enforceable through 42 U.S.C.§ 1983.

86.  The charges brought against Plaintiff Ronnie Pettway and the indictment thereon terminated in the Plaintiff's favor on March 17, 2021.

87.  The acts of Defendant Police Officers resulting in the malicious prosecution of Plaintiff Ronnie Pettway in violation of his Constitutional rights to be free from unlawful seizures were taken within the scope of Defendant Police Officers' employment by the City of Mobile and the Mobile Police Department.

WHEREFORE, the Plaintiff, Ronnie Pettway seeks judgment against Defendant Police Officers and each of them, the City of Mobile and the Mobile Police Department, jointly and severally, in an amount in excess of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT III
## FOURTH AMENDMENT – UNREASONABLE SEIZURE – EXCESSIVE FORCE

88. As indicated in the statement of facts above, Defendant Officer Jamal Pettway used objectively unreasonable and excessive force when he immediately jumped out of his car, yelled for Plaintiff Ronnie Pettway to "Get on the ground" and then tased him before giving him a chance to comply. Defendant Officer Jamal Pettway then roughly treated Plaintiff while he lay on the ground bleeding and completely helpless.

89. At all times relevant hereto, Defendant Officer Tabitha Lamar ratified and assisted Defendant Officer Jamal Pettway in his excessive use of force as described herein.

90. Fictitious Defendants had the ability and obligation to intervene to protect Plaintiff Ronnie Pettway from the excessive use of force herein described but specifically chose not to do so and in all ways ratified and/or participated in the excessive use of force.

91. The acts of Defendant Officers Jamal Pettway and Tabitha Lamar as well as Fictitious Defendants violated Plaintiff Ronnie Pettway's right to be free from an unreasonable seizure in violation of the Fourth Amendment, enforceable through 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Ronnie Pettway, seeks judgment against Defendant Police Officers Jamal Pettway, Tabitha Lamar and Fictitious Defendants, jointly and

severally, in an amount in excess of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

**COUNT IV**
**FOURTEENTH AMENDMENT – FAILURE TO INTERVENE**

92. As set forth in the statement of facts, Fictitious Defendants observed Defendant Police Officers Jamal Pettway and Tabitha Lamar detain and arrest Plaintiff Ronnie Pettway without reasonable suspicion or probable cause, and also observed Defendant Police Officers Jamal Pettway and Tabitha Lamar detain and arrest the Plaintiff, Ronnie Pettway, using objectively unreasonable and excessive force, both in violation of the Plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment.

93. As set forth in the statement of facts, Fictitious Defendants observed Defendant Police Officer Rodrick Sheldton and/or other police officers unknown to the Plaintiff Ronnie Pettway at this time, plant a substance which appeared to be cocaine on the person of Plaintiff while he was lying helpless, bleeding on the ground, in violation of Plaintiff's Constitutional rights.

94. Defendants Fictitious Defendants including Tabitha Lamar and each of them failed to intervene and prevent Defendant Police Officer Jamal Pettway from violating Plaintiff Ronnie Pettway's Fourth Amendment rights to be free of an unreasonable seizure and other rights, though Fictitious Defendants

23

including Tabitha Lamar and each of them had a reasonable opportunity to do so.

95. The acts and omissions of Fictitious Defendants including Tabitha Lamar and each of them violated the Plaintiff, Ronnie Pettway's rights under the due process clause of the Fourteenth Amendment, enforceable through 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Ronnie Pettway, seeks judgment against Fictitious Defendants including Tabitha Lamar and each of them, jointly and severally, in an amount in excess of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT V
## FOURTEENTH AMENDMENT – DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED

96. As set forth in the statement of facts, Plaintiff Ronnie Pettway was tased as he was in the process of getting up from a sitting position on a tire causing him to crash to the asphalt, cracking his eye socket and causing other damage to his face and head, resulting in substantial bleeding.

97. Mobile County Metro Jail Warden Noah Oliver III was informed and observed that Plaintiff Ronnie Pettway suffered serious injuries; Plaintiff Ronnie Pettway was bleeding on his face and his right eye was extremely red.

98. It would have been obvious to a lay person and was or should have been obvious to Mobile County Metro Jail Warden Noah Oliver III that Plaintiff Ronnie Pettway's injuries required more than superficial cleaning and bandaging.

99. However, Mobile County Metro Jail Warden Noah Oliver III refused to have Plaintiff Ronnie Pettway transported to the Emergency Room, where he could have received medical treatment and actual testing for his obviously serious injuries.

100.    Defendant Mobile County Metro Jail Warden Noah Oliver III's acts or omissions were deliberately indifferent to the Plaintiff, Ronnie Pettway's serious medical needs, thereby depriving him of due process under the Fourteenth Amendment, constituted an excessive punishment under the Eighth Amendment or constituted an unreasonable seizure under the Fourth Amendment, all of which are enforceable through 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Ronnie Pettway, seeks judgment against Mobile County Metro Jail Warden Noah Oliver III in an amount in excess of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT VI
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

101.    The City of Mobile at all relevant times has maintained a policy, custom, and/or practice that has been the cause, the moving force, behind the violation of citizens' rights.  Specifically, this policy, custom and/or practice involves:

a.   The use of objectively unreasonable and excessive force on detainees and arrestees.

b.  Disorderly conduct arrests without probable cause, often only because the arrestee was protesting or questioning police conduct.

c.  Overcharging arrestees with resisting arrest and assault on a police officer when they were simply being uncooperative or when there were not given any time to comply with officer requests.

d.  The arrestees receiving serious injuries but the officers not being injured during such encounters.

e.  Prosecutors declining to pursue such charges, demonstrating that the charges were meritless.

f.  The City of Mobile Police Department not sustaining citizen complaints if it is the word of the complainant against a police officer and only sustaining a complaint if the citizen has corroboration from another person, if at all.

g.  Planting evidence where no other basis for arrest can be found.

26

102.    Defendant WILLIAM S. STIMPSON is the Mayor of Mobile, Alabama, a decision maker and the highest-ranking administrative official of this municipality.

103.    Defendant MAYOR WILLIAM S. STIMPSON's duties include enforcing all of the laws and ordinances of the City of Mobile, Alabama, *appointing and removing all officers and employees of the City of Mobile, Alabama, exercising administrative supervision and control over all departments of the City of Mobile,* and setting the salaries and/or compensation of all appointed officers of the CITY OF MOBILE, Alabama.

104.    At all times relevant hereto and proceeding the incidents which form the basis of this complaint, Defendants MAYOR WILLIAM S. STIMPSON and MOBILE CITY COUNCIL and the other decision making Defendants were on notice of the pervasive discriminatory, unconstitutional and illegal police practices commonly utilized and/or encouraged in and by the Mobile Police Department.

105.    The widespread pattern of the submission of false reports and complaints by police officers in Mobile has been fostered and, thus, sanctioned by these defendants and other decision makers not presently known to Plaintiff.

106.     The above-described policy, custom, and/or practice was the direct, proximate cause of each and every Defendant herein named. Violating the Plaintiff Ronnie Pettway's Fourth, Eighth and Fourteenth Amendment rights, enforceable through 42 U.S.C. § 1983.

WHERFORE, the Plaintiff, Ronnie Pettway seeks judgment against the City of Mobile in an amount in excess of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## REQUESTS FOR RELIEF (FEDERAL)

For the reasons described in this Complaint, Plaintiff demands judgment against Defendants and other specific relief including:

a.   Declaratory judgment that the Defendants violated his constitutional and civil rights.

b.   An award for compensatory damages against the Defendants jointly and severally.

c.   Punitive and exemplary damages.

d.   Joint and several liability for attorneys' fees and costs of suit.

e.   All other relief to which Plaintiff is entitled.

## STATE CAUSES OF ACTION

### COUNT VII
### COMMON LAW – ASSAULT AND BATTERY

107.    As is indicated in the section of facts, by his words and acts Defendant Police Officer Jamal Pettway, as well as other Defendant Police Officers, caused harmful or offensive bodily contact with the Plaintiff, Ronnie Pettway.

108.    By using excessive and unreasonable force, Defendant Police Officer Jamal Pettway, as well as other Defendant Police Officers, caused harmful or offensive bodily contact with the Plaintiff Ronnie Pettway.

109.    The aforesaid acts were unprivileged.

110.    The aforesaid acts of Defendant Police Officer Jamal Pettway as well as other Defendant Police Officers were taken within the scope of their employment by the City of Mobile Police Department.

111.    The unlawful acts of Defendant Police Officers were the direct, proximate cause of Plaintiff Ronnie Pettway's injuries, including, but not limited to his Grand Mal seizures, brain injuries, other physical injuries, emotional injuries, psychological and mental injuries including, but not limited to exacerbating Plaintiff's PTSD.

WHEREFORE, the Plaintiff, Ronnie Pettway, seeks judgment against Defendant Police Officers, and each of them, in an amount in excess of One Million

($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT VIII
## COMMON LAW – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

112.      As demonstrated in the statement of facts, the conduct of Defendant Police Officers Jamal Pettway, Tabitha Lamar, Rodrick Sheldton, Lee Pierce, Fictitious Defendants and Warden Noah Oliver III was intended to cause and did cause the Plaintiff Ronnie Pettway severe emotional distress.  Plaintiff was subjected to excessive force without cause, was tased while sitting on a tire in front of a tire shop waiting for it to open so he could get his tire replaced, was left lying on the pavement bleeding while police officers treated him roughly and accused him of conduct and crimes he did not commit, had drugs planted on his person to justify his arrest, was paraded through his community in handcuffs, including Providence Hospital, was told by the officer who was supposed to investigate his citizen complaint that the outrageous conduct of the officers arresting him was justified and was not provided adequate testing and screening for his head injuries while he sat in jail for three days such that Plaintiff developed permanent brain damage and now suffers from Grand Mal seizures, in addition to being the victim of other outrageous behavior set forth elsewhere.

113.    The acts and omissions of Defendant police officers Jamal Pettway, Tabitha Lamar, Rodrick Sheldton, Lee Pierce, Sgt. John C. Young, Fictitious Defendants and Warden Noah Oliver III were taken within the scope of their employment by the City of Mobile Police Department.

WHEREFORE, the Plaintiff, Ronnie Pettway, seeks judgment against Defendant police officers Jamal Pettway, Tabitha Lamar, Rodrick Sheldton, Lee Pierce, Fictitious Defendants, Warden Noah Oliver III and the City of Mobile Police Department in an amount in excess of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT IX
## COMMON LAW FALSE ARREST/MALICIOUS PROSECUTION

114.    As indicated in throughout this complaint, Defendant Police Officers Jamal Pettway, Tabitha Lamar, Rodrick Sheldton and Fictitious Defendants detained and arrested the Plaintiff Ronnie Pettway without reasonable suspicion or probable cause, creating evidence in the form of false narratives/testimony, false accusations and planting evidence to justify Plaintiff's arrest and prosecution.

115.    As a result of the contrived evidence Plaintiff Ronnie Pettway was subsequently indicted and prosecuted for possession of a controlled substance, public intoxication and failure to obey police.

116.    Those charges terminated in the Plaintiff Ronnie Pettway's favor.

117.    The acts of Defendant Police Officers Jamal Pettway, Tabitha Lamar,

Rodrick Sheldton, and Fictitious Defendants were taken within the scope of

their employment with the City of Mobile Police Department.

WHEREFORE, the Plaintiff Ronnie Pettway seeks judgment against Defendant

police officers Jamal Pettway, Tabitha Lamar, Rodrick Sheldton, Fictitious

Defendants, and the City of Mobile Police Department in an amount in excess of

One Million ($1,000,000) Dollars compensatory and punitive damages, plus

attorney fees and costs.

## COUNT X
## COMMON LAW TRESPASS TO CHATELS/CONVERSION

118.    As is indicated elsewhere in this complaint, Defendant Police Officers

Jamal Pettway, Tabitha Lamar, Rodrick Sheldton, and Fictitious Defendants

refused to secure Plaintiff Ronnie Pettway's personal property, including his

car and car keys, at the time of his arrest.

119.    Because the car windows were left down on Plaintiff's vehicle while he

was in jail for 3 days, rain damaged both the vehicle interior and the contents

within the Plaintiff's personal vehicle.

120.    Defendant Police Officers Jamal Pettway, Tabitha Lamar, Rodrick

Sheldton, and Fictitious Defendants had an obligation to secure Plaintiff

Ronnie Pettway's personal property which duty they failed to discharge.

32

121.    The failure of Defendant Police Officers Jamal Pettway, Tabitha Lamar, Rodrick Sheldton, and Fictitious Defendants to secure Plaintiff Ronnie Pettway's personal vehicle and property proximately and actually caused damage thereto, depriving and/or interfering with Plaintiff's possession and/or enjoyment of his property.

122.    The acts and omissions of Defendant Police Officers Jamal Pettway, Tabitha Lamar, Rodrick Sheldton, and Fictitious Defendants were taken/occurered within the scope of their employment with the City of Mobile Police Department.

WHEREFORE, the Plaintiff Ronnie Pettway seeks judgment against Defendant police officers Jamal Pettway, Tabitha Lamar, Rodrick Sheldton, Fictitious Defendants, and the City of Mobile Police Department in an amount in excess of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## REQUESTS FOR RELIEF (STATE)

For the reasons described in this Complaint, Plaintiff demands judgment against Defendants and other specific relief including:

a. Compensatory damages, including compensation for physical injuries and mental, psychological and emotional distress.

b.  Punitive and exemplary damages against Defendants jointly and severally in an amount in excess of One Million ($1,000,000) Dollars.

c.  Attorneys' fees and costs of suit against Defendants jointly and severally.

d.  All other relief to which Plaintiff is entitled.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted this _12_ day of September, 2022.

RONNIE PETTWAY

**STATE OF ALABAMA**
**COUNTY OF MOBILE**

I, the undersigned Notary Public, in and for said State and County, hereby certifies that RONNIE PETTWAY, whose name is signed to the foregoing Complaint, and who is known to me, acknowledged before me on this date that, being informed of the contents of said pleading, executed the same voluntarily on the day the same bears date.

Given under my hand and seal this _12_ day of September 2022.

NOTARY PUBLIC
My Commission Expires:

34

/s/ James Adam Muns
James Adam Muns
(Bar: 1785N23W)

/s/ Christine C. Hernandez
Christine C. Hernandez
(Bar: 8252I64H)

The Hernandez & Associates Law Firm, LLC
Attorneys for Plaintiff
PO Box 66174
Mobile, AL 36660-1174
(251) 479-1477 OFFICE
(251) 650-3843     FAX
James@EqualizingJustice.com
Christine@EqualizingJustice.com


Of Counsel:
The Hernandez & Associates Law Firm, LLC
Attorney for Plaintiff
PO Box 66174
Mobile, AL 36660-1174
(251) 479-1477 OFFICE
(251) 650-3843     FAX
James@EqualizingJustice.com
Christine@EqualizingJustice.com