IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RONNIE PETTWAY,** | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION: 1:22-00371-KD-N |
| | ) |
| **FLOYD JAMAL PETTWAY**, *et al.*, | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Dismiss Certain Defendants, (Defendant Rodrick Shelton and Defendant Sargent John C. Young). (Doc. 58).

Specifically, Plaintiff seeks to dismiss all of his claims in this case against only these two (2) defendants. Generally, voluntary dismissals are governed by Rule 41 of the Federal Rules of Civil Procedure. As explained by the Eleventh Circuit in Sanchez v. Discount Rock & Sand, Inc., 84 F.4th 1283, 1292-1293 (11th Cir. 2023): "Rule 41(a) sets out three avenues for voluntary dismissal of 'an action': (1) a rule 41(a)(1)(A)(i) notice filed 'before the opposing party serves either an answer or a motion for summary judgment'; (2) a rule 41(a)(1)(A)(ii) stipulation 'signed by all parties who have appeared'; or (3) a rule 41(a)(2) court order dismissing the action 'at the plaintiff's request' and 'on terms that the court considers proper[]'"and "in *Plains Growers* … we held that a plaintiff can dismiss one defendant under rule 41(a) 'even though the action against another defendant would remain pending.' 474 F.2d at 253."

The Court's review indicates that the motion was not signed by all parties who have appeared in this case as required for dismissal via stipulation pursuant to Fed.R.Civ.P. Rule 41(a)(1)(A)(ii), and Rule 41(a)(1)(A)(i) is inapplicable as answers (Docs. 43, 44) have been filed

by these Defendants. Nevertheless, as stated supra, a motion to dismiss or a notice of dismissal under Rule 41 may be filed against less than all of the defendants without dismissing the entire action. See also e.g., Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant ..."); Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 254 (5th Cir. 1973)[1] ("[t]here is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)]....") … 'upon order of the court and upon such terms and conditions as the court deems proper.'" As such, the Court construes Plaintiff's motion to dismiss as a voluntary dismissal of all of his claims against these two (2) defendants pursuant to Rule 41(a)(2).

Upon consideration, it is **ORDERED** that Plaintiff's Motion to Dismiss Certain Defendants (Doc. 58) is **GRANTED** and Defendant Rodrick Shelton and Defendant Sargent John C. Young are hereby **DISMISSED** without prejudice from this case.

**DONE** and **ORDERED** this the **18th** day of **December 2023.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit).